UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HOWARD J. LITTELL and
DAVID GOLDSTEIN,
    Plaintiffs,

vs.                                                         CASE NO. 8:99-CIV-2808-T-17-TBM

CASCADE SAVINGS BANK, F.S.B.
and AMERICAN BANK, etc.,
    Defendants.
_____/

**<u>ORDER</u>**

       This cause is before the Court on the plaintiffs, Howard J. Littell and David Goldstein's, motion in limine (Docket No. 296) (also filed by Robin Brandt who is no longer a plaintiff in this case) and responses thereto (Docket No. 367 and 374). The plaintiffs request that the Court exclude from admission in evidence certain items relevant to the statements made by or attributed to Douglas Loveland and Kenneth Meyd, Federal Agents, and to prohibit testifying to, commenting on or alluding to these items during proceedings in the presence of any juror. The subjects that the plaintiffs seek to exclude are:

    1. Federal Agents' perceptions of the following: that the investigation corroborated the conclusion that the PSR was fraudulently brokering deposits; of what the investigation revealed; and what Judge Wilson's execution of a search warrant established.

    2. Federal Agents' conclusion that information other than that obtained from Cascade and American "led him to indict the plaintiffs"..

    3. Federal Agents' statement regarding submitting the appraisal of the facts to the Indictment Committee, Economic Crimes Section of the U.S. Attorney's Office, and

CASE NO. 8:99-CIV-2808-T-17-TBM

>his explanation of the what the committee does, what it heard, its standard from decision and what it decided.
>
>4. Federal Agents' statement that the defendants' information "would have been corroborated" before being used at trial.
>
>5.  Federal Agents' opinion as to whether either of the defendants (plaintiffs here) provided false or misleading information to the relevant government agencies.
>
>6. Federal Agents' reference to his review or due diligence with the assistance of FDIC and FBI agents.
>
>7. Federal Agents' testimony regarding the definition of the word "wind" to the extent the definition was obtained through third parties and statements of how witnesses described to him what "winding" was and testimony that there are two aspects of the crime, defrauding the bank and the bank examiners.
>
>8. Federal Agents' legal conclusions and statements about a laundry list of statements and potential testimony, see motion pages 3 to 8.

The Court has considered the motion and response and concludes that the motion is the same as the motion addressed as to Mr. Rubinstein's testimony filed in a separate motion in limine as to items 1 to 7 above. As in the previous order, the Court will not limit the testimony of the Federal Agents which flows from their personal knowledge. The only area the Court finds, at this time, to be subject to exclusion are any opinion as to what Judge Wilson's execution of the search warrant established.

The remaining requests for limitation of testimony are appropriate for consideration when and if the testimony is being brought before the Court. The Court needs to address the testimony in context of the trial at the time the testimony is being elicited not in the vacuum of a motion in limine. The plaintiffs may raise objections to the Federal Agents' testimony at the time of trial if appropriate and the Court will consider the issues raised at that time. Accordingly, it is

CASE NO. 8:99-CIV-2808-T-17-TBM

**ORDERED** that the motion in limine (Docket No. 296) be **granted** in part only and the Federal Agents' opinion as to what Judge Wilson's execution of the search warrant established shall be excluded from their testimony.

**DONE and ORDERED** in Chambers, in Tampa, Florida, this 14th day of February, 2006.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to: All parties and counsel of record