UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HOWARD J. LITTELL and
DAVID GOLDSTEIN,
    Plaintiffs,

vs.                              CASE NO. 8:99-CIV-2808-T-17-TBM

CASCADE SAVINGS BANK, F.S.B.
and AMERICAN BANK, etc.,
    Defendants.
_____/

**ORDER**

       This cause is before the Court on the plaintiffs, Howard J. Littell and David Goldstein's, motion in limine (Docket No. 295) which adopted the motion in limine filed by Robin Brandt, who is no longer a plaintiff in this case, (Docket No. 293) and responses thereto (Docket No. 369 and 373). The plaintiffs request that the Court exclude from admission in evidence certain items relevant to the testimony of Michael L. Rubinstein and to prohibit testifying to, commenting on or alluding to these items during proceedings in the presence of any juror. The motion in limine is addressed to statements made by or attributed to Assistant United States Attorney Michael L. Rubinstein, the prosecutor in the underlying criminal trial. The subjects that the plaintiffs seek to exclude are:

    1. Mr. Rubinstein's perceptions of the following: that the investigation corroborated his conclusion that the PSR was fraudulently brokering deposits; of what the investigation revealed; and what Judge Wilson's execution of a search warrant established.

    2. Mr. Rubinstein's conclusion that information other than that obtained from Cascade and American led him to indict the plaintiffs.

3.  Mr. Rubinstein's statement regarding submitting his appraisal of the facts to the Indictment Committee, Economic Crimes Section of the U.S. Attorney's Office, and his explanation of the what the committee does, what it heard, its standard from decision and what it decided.

4.  Mr. Rubinstein's statement that the defendants' information "would have been corroborated" before being used at trial.

5.   Mr. Rubinstein's opinion as to whether either of the defendants (plaintiffs here) provided false or misleading information to the relevant government agencies.

6.  Mr. Rubinstein's reference to his review or due diligence with the assistance of FDIC and FBI agents.

7.  Mr. Rubinstein's communications with the jury foreman, who allegedly volunteered to Mr. Rubinstein why the jury acquitted.

The Court has considered the motion and response and concludes that Mr. Rubinstein is a critical fact-witness for the defendants in this case and that he has personal knowledge of the prosecution which underlies this malicious prosecution claim.  The Court will not limit the testimony of Mr. Rubinstein's which flows from personal knowledge.  The only areas the Court finds, at this time, to be subject to exclusion are Mr. Rubinstein's opinion as to what Judge Wilson's execution of  the search warrant established and anything he alleges he learned from the jury foreman in the criminal trial.  The plaintiffs may raise objections to Mr. Rubinstein's testimony at the time of trial if appropriate and the Court will consider the issues raised at that time.  Accordingly, it is

CASE NO. 8:99-CIV-2808-T-17-TBM

**ORDERED** that the motion in limine (Docket No. 293) be **granted** in part only and Mr. Rubinstein's opinion as to what Judge Wilson's execution of the search warrant established and anything he alleges he learned from the jury foreman in the criminal trial shall be excluded from his testimony.

**DONE and ORDERED** in Chambers, in Tampa, Florida, this 14th day of February, 2006.



ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to: All parties and counsel of record