**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

HOWARD J. LITTELL and
DAVID GOLDSTEIN,
    Plaintiffs,

vs.                                      CASE NO. 8:99-CIV-2808-T-17-TBM

CASCADE SAVINGS BANK, F.S.B.
and AMERICAN BANK, etc.,
    Defendants.
_____/

**ORDER**

       This cause is before the Court on the defendant, American Bank's, motion in limine (Docket No. 286) and response thereto (Docket No. 353). The defendant has requested that the Court exclude various items from admission in evidence and to prohibit testifying to, commenting on or alluding to these items during proceedings in the presence of any juror. The Court will address the issues in the order raised.

       1. Any "deposition testimony taken in another case without the defendant's counsel having an opportunity to cross-examine the witness." The plaintiffs agree with this request from American Bank, except as to Shari Sole-Trail who will not be testifying in regard to American Bank. Therefore, the motion in limine is granted as to this item except as to Ms. Trail.

       2. "Any insurance policies or coverage of these defendants and the fact that people and corporations typically have insurance coverage". The plaintiffs agree and, thus, the motion in limine is granted as to this item.

       3. "Any proposals for settlement, settlement offers and offers to pay or reimburse or waive medical expenses." The plaintiffs agree and, thus, the motion in limine is granted as to this item.

4. "Any impermissible character attacks on the defendant..." The Court does not find this item well-taken. The question of character evidence will be addressed at the time it comes into question at trial. Motion in limine on this issue is denied.

5. "That the defendant allegedly made a practice of accepting brokered deposits" This item is based on the relevance of this "inference." The Court will determine the relevance of evidence that the plaintiffs seek to submit to the jury at the time of the trial and the jury will draw whatever inferences it finds appropriate from that evidence. Motion in limine on this issue is denied.

6. "That Paul Cappolla attempted to extort money from Mr. Littell in order to prevent him from going to the police..." Plaintiffs assert that they will not be offering such evidence since the event never occurred. The motion in limine is moot since no such evidence is to be introduced.

Accordingly, it is

**ORDERED** that the motion in limine (Docket No. 286) be **granted** in part as explicated above.

**DONE and ORDERED** in Chambers, in Tampa, Florida, this 14th day of February, 2006.



ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to: All parties and counsel of record